```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
GALIP VATANSEVER,                   :
                                         01 Civ. 11621 (WHP)
             Plaintiff,             :
                                           ORDER
        -against-                   :

NEW YORK CITY, N.Y.C.               :
DEPARTMENT OF CORRECTIONS,
CAPTAIN ROCCO, CORRECTION           :
OFFICER HAGER,
                                    :
             Defendants.
------------------------------X
```

WILLIAM H. PAULEY III, District Judge:

Plaintiff pro se Galip Vatansever ("Vatansever" or "Plaintiff") brings this federal civil rights action claiming that officers of the New York City Department of Corrections ("NYCDOC") assaulted him at Rikers Island. Vatansever asserts federal claims for excessive force and deliberate indifference to his medical needs, as well as state law claims for assault and battery. By Order dated September 17, 2004 (the "Order"), this Court granted Defendants' motion for summary judgment and dismissed this action. Presently before this Court are two motions by Plaintiff pursuant to Fed. R. Civ. P. 60(b) to vacate the Order. For the reasons that follow, Plaintiff's motions are denied. However, the Order is modified as set forth below.

## BACKGROUND

The pertinent facts are described more fully in the Order and need not be restated here. In short, Vatansever claims that on November 11, 2000, while he was detained at Rikers Island, one of the defendants, Captain Raco ("Raco"), grabbed him, threw him into a steel door and slammed his head repeatedly into a cinderblock wall while another defendant, Officer Hager

("Hager"), stood by.[1] Thereafter, Vatansever claims, medical personnel refused to treat his resultant injuries: "Permanent injury to Skull, constant Migraine Headaches, Blurred Vision, Dizziness and a Major Indentation to the Skull." (Complaint at 4.)

In its Order, this Court dismissed Plaintiff's claims against Officer Hager for failure to effect service and against the NYCDOC because it is not a suable entity. Additionally, this Court held that Vatansever presented no evidence that the City of New York (the "City") has a policy or custom of not informing pretrial detainees about grievance procedures or of failing to ensure that doctors' recommendations for inmates are followed. Accordingly, this Court granted the City summary judgment. This Court also granted summary judgment to Raco on the excessive force claim, holding that Vatansever failed to exhaust his administrative remedies. Finally, because there was no evidence that Raco was involved in the events alleged to constitute deliberate indifference to Plaintiff's medical needs, this Court dismissed that claim against Raco and declined to exercise supplemental jurisdiction over the state law claims for assault and battery.

DISCUSSION

I. Rule 60(b) Standard

In pertinent part, Rule 60(b) provides that "the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: . . . (2) newly discovered evidence . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). Thus, "Rule 60(b) provides an opportunity for courts to balance fairness considerations present in a particular case against the policy favoring the finality of judgments."

---

[1] Although there is no "Captain Rocco" where Plaintiff was detained, defense counsel identified Captain Anthony Raco, badge #1340, as the defendant named in the Complaint.

Williams v. New York City Dep't of Corrs., 219 F.R.D. 78, 84 (S.D.N.Y. 2003). The decision to grant or deny a Rule 60(b) motion for relief from a judgment or order is within the sound discretion of the district court. New York v. Green, 420 F.3d 99, 104 (2d Cir. 2005); Nat'l Petrochemical Co. of Iran v. M/T Stolt Sheaf, 930 F.2d 240, 244 (2d Cir. 1991). However, a proper case for Rule 60(b) relief is made "only on a showing of exceptional circumstances." Mendell v. Gollust, 909 F.2d 724, 731 (2d Cir. 1990). A motion for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). The evidence presented in support of a Rule 60(b) motion must be "highly convincing." Kotlicky v. United States Fid. & Guar. Co., 817 F.2d 6, 9 (2d Cir. 1987).

II. Plaintiff's Motions

Vatansever moves this Court to vacate its grant of summary judgment with respect to his excessive force and deliberate indifference claims against Hager, the City of New York and Raco.

First, Vatansever contends that Hager was not served through no fault of his but because Defendants' counsel failed to identify the "Officer Hager" named in the Complaint or to accept service on his behalf. This argument was raised by Plaintiff in his opposition to Defendants' summary judgment motion and was rejected by this Court. Moreover, Defendants' counsel was neither obstructionist nor evasive. Instead, based on the allegations in the Complaint and information otherwise provided by Plaintiff, counsel was unable to match either the name or the badge number of the defendant to any officer at Rikers Island. Further, Plaintiff

3

never pursued service on Officer Haber, whose name was contained in the documents produced by Defendants. Accordingly, this Court properly dismissed the claims against Hager for failure to effect service and denies Vatansever's motions in that regard.

With respect to Vatansever's claims against the City and his deliberate indifference claim against Raco, Plaintiff does not point to any controlling decisions or data that this Court overlooked. Cf. Shrader, 70 F.3d at 257. Rather, Plaintiff rehashes the same arguments previously raised and rejected by this Court. Accordingly, this Court properly dismissed those claims and denies Vatansevers' motions in those regards.

Finally, Vatansever contends that summary judgment was inappropriate on his claim against Raco for use of excessive force. This Court dismissed that claim on the ground that Plaintiff had failed to exhaust his administrative remedies. In fact, as Plaintiff submits and Defendants concede, there were no administrative remedies to pursue because the NYCDOC specifically exempts excessive force claims from administrative review. (Letter to the Court from Deborah I. Meyer, Esq., dated Oct. 22, 2004.) "[A] court considering dismissal of a prisoner's complaint for non-exhaustion must first establish from a legally sufficient source that an administrative remedy is applicable and that the particular complaint does not fall within an exception." Mojias v. Johnson, 351 F.3d 606, 610 (2d Cir. 2003). This Court now recognizes that it failed to adequately establish that an administrative remedy was available on Vatansever's excessive force claim. Accordingly, this Court withdraws its prior holding that Plaintiff failed to exhaust his administrative remedies.

Nonetheless, addressing the excessive force claim on its merits, summary judgment remains proper because Vatansever has failed to raise a genuine issue of material fact that Raco used excessive force against him. See Fed. R. Civ. P. 56(c) (summary judgment is

4

appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law"); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

Although Raco denies being on duty on November 11, 2000, Plaintiff contends that the facility's logbooks reflect his presence. However, the overwhelming evidence of Vatansever's medical records belies his unsupported assertions that the assault occurred, or that it was as brutal as he describes it to be. See United States v. Potamkin Cadillac Corp., 689 F.2d 379, 381 (2d Cir. 1982) ("The litigant opposing summary judgment . . . may not rest upon mere conclusory allegations or denials as a vehicle for obtaining a trial. Rather, he must bring to the district court's attention some affirmative indication that his version of relevant events is not fanciful." (internal quotation and citation omitted)); Jeffreys v. Rossi, 275 F. Supp. 2d 463, 477 (S.D.N.Y. 2003) ("[A] party cannot rely upon implausible testimony to create a triable issue of fact."). The absence of any reference to physical injury in Vatansever's voluminous medical for five months after he claims he was brutally beaten undermines his excessive force claim. (Defendants' Rule 56.1 Statement ("Defs. 56.1 Stmt.") ¶¶ 3-4; Plaintiff's Rule 56.1 Counter-Statement ("Pl. 56.1 Stmt.") ¶¶ 12-13; Declaration of Deborah I. Meyer, dated Jan. 23, 2004 ("Meyer Decl.") Ex. C: New York City Health & Hospital Corp. Correctional Health Service records, at 101-15, 142.) One doctor hypothesized that Vatansever had "projected his mother's health issues onto himself." (Meyer Decl. Ex. C. at 129.) Vatansever's medical records also reflect that he did not complain of head injuries or mention the alleged assault until two months after it occurred. (Meyer Decl. Ex. C at 110.) See Shabazz v. Pico, 994 F. Supp. 460, 470 (S.D.N.Y. 1998) (granting summary judgment because "Plaintiff offer[ed] no reasonable basis

5

for disbelieving his medical records, but only assert[ed] that his medical records are inaccurate.").

Finally, in his second, more recent motion, Vatansever argues that this Court should vacate the Order pursuant to Fed. R. Civ. P. 60(b)(2) in light of new evidence, namely magnetic resonance imaging films ("MRIs") taken over four years after the alleged incident occurred. However, the medical records closer to the date of the alleged incident are far more probative of any injury than MRIs taken four years after the fact. Accordingly, the MRIs are not "highly convincing" evidence warranting vacatur of the Order. Kotlicky, 817 F.2d at 9; accord Wolf v. Bd. of Educ. of City of New York, 162 F. Supp. 2d 192, 203 (S.D.N.Y. 2001); see also Fid. Partners, Inc. v. First Trust Co. of New York, 58 F. Supp. 2d 55, 59 (S.D.N.Y. 1999) (holding that the newly discovered evidence presented by a Rule 60(b)(2) motion must be "admissible and probably effective to change the result of the former ruling . . . [and] not merely cumulative . . . of evidence already offered" (internal quotation omitted)).

Accordingly, Raco was entitled to summary judgment on Plaintiff's excessive force claim. However, this Court withdraws its prior ruling that Plaintiff failed to exhaust his administrative remedies and deems the Order modified to incorporate the above analysis on the merits of Plaintiff's excessive force claim.

## CONCLUSION

For the foregoing reasons, Plaintiff's October 3, 2004 and June 15, 2005 motions for relief from this Court's September 17, 2004 Order are denied. The Order is deemed modified as set forth above. The Clerk of the Court is directed to mark this case closed.

Dated: September 28, 2005
        New York, New York

SO ORDERED:

WILLIAM H. PAULEY III
U.S.D.J.

*Copies mailed to:*

Galip Vatansever
128 95th Street
Brooklyn, NY 11209
*Plaintiff Pro Se*

Deborah I. Meyer, Esq.
Corporation Counsel of the
   City of New York
100 Church Street, Rm. 3-222
New York, NY 10007
*Attorney for Defendants*